UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GREGG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MONASTERY CAMP, <br><br> Defendant. | Case No. 23-cv-02760-AMO <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD DEFENDANTS** <br><br> Re: Dkt. No. 69 |

Before the Court is Plaintiffs' Motion for Leave to Amend the Complaint to Add Three Defendants. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 8, 2024, is **VACATED**. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Plaintiffs' Motion, for the following reasons.

## I.  BACKGROUND

Plaintiffs initiated this lawsuit as a putative class action for wage and hour violations by three entity defendants. *See* ECF 1. The Court granted the motions to dismiss two entity Defendants, Bohemian Club and Pomella LLC. ECF 65. In the Court's order, it specified, "No new claims or Defendants may be added without leave of Court or stipulation of Monastery Camp." ECF 65 at 11. Plaintiffs now seek leave to amend the Complaint to add three individual Defendants in accordance with that directive: William "Bill" Dawson, Richard "Dick" Dewey, and Michael LaHorgue. ECF 69.

## II.  DISCUSSION

### A.  Legal Standard

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon,*

*Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citations omitted). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted).

"Not all of the factors merit equal weight . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Courts may deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (modification in original).

### B.     Analysis

Defendant Monastery Camp, an unincorporated association of which the proposed new individual defendants are all members, opposes Plaintiffs' motion for leave to amend. Monastery Camp argues that the proposed amendment should be rejected because (1) the individual defendants would be prejudiced by being hailed into Court, (2) the addition of the new defendants would prove futile as to the existing claims arising under the Private Attorneys General Act ("PAGA"), and (3) Plaintiffs' proposed amendment is made in bad faith. The Court takes up these arguments in turn.

#### 1.     Prejudice

Monastery Camp contends that the proposed individual defendants will be prejudiced by the delay in being brought into the case nearly a year after it was initiated. Opp. (ECF 72) at 3. While the Court appreciates that the demands of litigation impose burdens on each party, the attendant prejudice to the proposed individual defendants in this case is not undue. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) ("Neither delay

1  resulting from the proposed amendment nor the prospect of additional discovery needed by the
2  non-moving party in itself constitutes a sufficient showing of prejudice.") (citations omitted);
3  *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (rejecting the argument
4  that the proposed amendments were unduly prejudicial because they would require numerous
5  depositions of witnesses who had already been questioned, additional document searches, more
6  written discovery, and postponing the trial date). Because this case is still at the pleading stage
7  and discovery has not yet started, Monastery Camp and the proposed individual defendants fail to
8  establish undue prejudice. This factor thus weighs in favor of permitting amendment.

### 2. Futility

Monastery Camp argues that the Court should deny leave to add the proposed individual defendants because amendment with respect to the PAGA claim would prove futile. Opp. (ECF 72) at 3. The futility of amendment factor weighs against granting leave to amend where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *See Ross v. AT&T Mobility, LLC*, No. 19-CV-06669-JST, 2020 WL 9848733, at *4 (N.D. Cal. Dec. 18, 2020) (citations omitted). However, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Carranza v. City of San Pablo*, No. 4:20-CV-08443-SBA, 2022 WL 110647, at *4 (N.D. Cal. Jan. 12, 2022) (internal quotations and citation omitted). This is because "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." *LiveCareer Ltd. v. Su Jia Techs. Ltd.*, No. 14-CV-03336-JST, 2015 WL 4089800, at *3 (N.D. Cal. July 2, 2015) (internal quotations and citations omitted).

Here, Monastery Camp argues that Plaintiffs omitted the names of the proposed individual defendants from their notice to the California Labor & Workforce Development Agency ("LWDA"), the notice that serves as a prerequisite for Plaintiffs' PAGA claim. Monastery Camp, however, provides no authority in support of the premise that the LWDA notice had to include the proposed individual defendants. Moreover, this argument applies to only one of Plaintiffs' eight

United States District Court
Northern District of California

enumerated causes of action in the proposed amended complaint, the same causes of action advanced in Plaintiffs' First Amended Complaint. *Compare* ECF 5 *with* Nunes Decl., Ex. A (Proposed Am. Compl., ECF 69-2). Because Monastery Camp fails to establish futility of amendment, this factor too weighs in favor of permitting amendment. Moreover, the Court prefers to resolve whether exhaustion of the PAGA claim against the individual defendants was necessary on fuller briefing.

### 3. Bad Faith

Finally, Monastery Camp argues that Plaintiffs' proposed amendment to add the individual defendants is made in bad faith. Monastery Camp advances only that Plaintiffs' proposed amendment is made in bad faith based on the failure to identify any new facts to excuse the omission of the individual defendants from earlier iterations of the complaint. Monastery Camp presents no legal authority in support of this argument and ultimately fails to persuade. Monastery Camp's contention that Plaintiffs engaged in bad faith by naming additional defendants does not weigh against amendment.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to amend to add the three individual defendants. Plaintiffs shall file their second amended complaint as a standalone docket entry on or before May 23, 2024.

**IT IS SO ORDERED.**

Dated: May 21, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4