GRANT P. ALEXANDER (BAR NO. 228446)
E-Mail: galexander@allenmatkins.com
MELISSA K. BELL (BAR NO. 312873)
E-Mail: mbell@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816

Attorneys for Defendants
MONASTERY CAMP, WILLIAM DAWSON, RICHARD
DEWEY AND MICHAEL LAHORGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GREGG, SHAWN GRANGER, and WALLID SAAD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MONASTERY CAMP, WILLIAM DAWSON, RICHARD DEWEY, MICHAEL LAHORAGUE, and DOES 1-10, <br><br> Defendants. | Case No. 3:23-CV-2760-AMO <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; COUNTERCLAIM** <br><br> SAC Filed:   May 23, 2024 |

Defendants Monastery Camp, William Dawson, Richard Dewey and Michael

"LaHorague" ("Defendants") hereby answer Plaintiffs Anthony Gregg, Shawn Granger and

Wallid Saad (together, "Plaintiffs") Second Amended Complaint on behalf of Defendants

Monastery Camp, William Dawson, Richard Dewey, Michael LaHorgue[1], as follows:

## I.    INTRODUCTION

1.    Defendants lack sufficient knowledge and information to form a belief as to the truth

of the allegations set forth in Paragraph 1, and on that basis deny each allegation therein.

---

[1]    The Second Amended Complaint names Michael LaHorague as a defendant, which
Defendants believe is a misspelling of Michael LaHorgue.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273

-1-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1         a.   Defendants deny each and every allegation in the sub-paragraph.

2         b.   Defendants deny each and every allegation in the sub-paragraph.

3         c.   Defendants deny each and every allegation in the sub-paragraph.

4         d.   Defendants deny each and every allegation in the sub-paragraph.

5         e.   Defendants deny each and every allegation in the sub-paragraph.

6         f.   Defendants deny each and every allegation in the sub-paragraph.

7     2.   Defendants deny each and every allegation in the paragraph.

8 **II.**    **JURISDICTION**

9     3.   Defendants allege that Paragraph 3 contains legal arguments, to which no response

10 is required. To the extent a response is required, Defendants deny the allegations in the paragraph.

11     4.   Defendants deny each and every allegation in the paragraph.

12     5.   Defendants deny each and every allegation in the paragraph.

13     6.   Defendants allege that Paragraph 6 contains legal arguments, to which no response

14 is required. To the extent a response is required, Defendants deny the allegations in the paragraph.

15 **III.**    **PARTIES**

16     **Plaintiffs**

17     7.   Defendants admit that Plaintiffs' duties included providing members and guests with,

18 among others, food, drinks and hospitality services.  Except as expressly admitted, Defendants deny

19 the remaining allegations of the paragraph.

20     8.   Defendants deny each and every allegation in the paragraph.

21     9.   Defendants deny each and every allegation in the paragraph.

22     10.   Defendants lack sufficient knowledge and information to form a belief as to the truth

23 of the allegations regarding Bohemian Club set forth in this paragraph, and on that basis deny each

24 such allegation therein.   To the extent "Bohemian Club camps" includes Monastery Camp,

25 Defendants deny each and every allegation in the paragraph.

26     11.   Defendants deny each and every allegation in the paragraph.

27     12.   Defendants allege that Paragraph 12 contains legal arguments, to which no response

28 is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273        -2-        Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1    13.    Defendants deny each and every allegation in the paragraph.

2    14.    Defendants deny each and every allegation in the paragraph.

3    15.    Defendants deny each and every allegation in the paragraph.

4    16.    Defendants deny each and every allegation in the paragraph.

5    17.    Defendants deny each and every allegation in the paragraph.

6    **Defendants**

7    18.    Defendants  admit that Monastery Camp is a camp associated with Bohemian Grove

8 in Monte Rio, California  Except are expressly admitted, Defendants deny the remaining allegations

9 of the paragraph.

10    19.    Defendants admit that Defendant Dawson is a former Bohemian Club treasurer and

11 separately that Defendant Dawson previously held the position of CFO for a biotech company.

12 Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

13    20.    Defendants admit that Defendant Dawson had an email signature that included the

14 same P.O. Box that is listed on the Monastery Camp's checks he signed and that Defendant Dawson

15 was a Monastery Camp Captain until 2022.  Except as expressly admitted, Defendants deny the

16 remaining allegations of the paragraph.

17    21.    Defendants admit that Defendant Dewey is the Chairman and Founder of Dewey

18 Land Company, Inc. and that Defendant Dewey has been Defendant Monastery Camp's Captain

19 during the liability period. Except as expressly admitted, Defendants deny the remaining allegations

20 of the paragraph.

21    22.    Defendants lack sufficient knowledge and information to form a belief as to the truth

22 of the allegations regarding Michael "LaHorague" set forth in Paragraph 22, and on that basis deny

23 each allegation therein. To the extent the allegations relate to Michael LaHorgue, Defendants admit

24 that Michael LaHorgue was a founder of Seaview Ventures, LLC and President of Carmel Partners.

25 Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

26    23.    Defendants lack sufficient knowledge and information to form a belief as to the truth

27 of the allegations regarding Michael "LaHorague" set forth in Paragraph 23, and on that basis deny

28 each allegation therein. To the extent the allegations relate to Michael LaHorgue, Defendants admit

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                    -3-                    Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

that Michael LaHorgue has been a Monastery Camp Captain since 2022. Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

24.     Defendants admit that Defendants Dewey and Dawson were Monastery Camp captains.  To the extent the allegation regarding "Michael LaHoraguе" relates to Michael LaHorgue, Defendants admit that Michael LaHorgue has been a Monastery Camp captain. Except as expressly admitted, Defendants deny the remaining allegations of the paragraph..

25.     Defendants admit that Defendants Dewey and Dawson were at Monastery Camp in June 2023. To the extent the allegation regarding "Michael LaHoraguе" relates to Michael LaHorgue, Defendants admit that Michael LaHorgue was at Monastery Camp in June 2023. Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

26.     Defendants deny each and every allegation in the paragraph.

27.     Defendants deny each and every allegation in the paragraph.

28.     Defendants admit that Monastery Camp typically operates at a loss. Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

29.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 29 regarding Michael "LaHoraguе", and on that basis deny such allegations. To the extent the allegations relate to Defendants Dewey, Dawson and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

30.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 30 regarding Michael "LaHoraguе", and on that basis deny such allegations. Defendants deny each and every allegation in the paragraph.

31.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 31 regarding a Bohemian Club, and on that basis deny such allegations. To the extent the allegations relate to Monastery Camp, Defendant Dewey, Defendant Dawson, or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

32.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 32 regarding Michael "LaHoraguе", and on that basis deny such allegations. To the extent the allegations relate to Monastery Camp, Defendant Dewey,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                                    -4-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

Defendant Dawson, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

33.     Defendants deny each and every allegation in the paragraph.

34.     Defendants deny each and every allegation in the paragraph.

35.     Defendants deny each and every allegation in the paragraph.

36.     Defendants deny each and every allegation in the paragraph.

37.     Defendants deny each and every allegation in the paragraph.

38.     Defendants admit that camps have one or more "Camp Captains."   Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

39.     Defendants admit that Monastery Camp is not incorporated.   Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 39 regarding Michael LaHorague, and on that basis deny such allegations. Except as expressly admitted, Defendants deny the remaining allegations in the paragraph.

40.     Defendants deny each and every allegation in the paragraph.

41.     Defendants deny each and every allegation in the paragraph.

42.     Defendants admit that Monastery Camp is a camp associated with Bohemian Grove. Except as expressly admitted, Defendants deny the remaining allegations of the paragraph.

43.     Defendants deny each and every allegation in the paragraph.

44.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 44 as it is unclear which current or former "Defendant" it refers to, and on that basis deny each allegation therein. To the extent the allegation refers to Defendant Monastery Camp, Dawson, Dewey, or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

45.     Defendants deny each and every allegation in the paragraph.

46.     Defendants deny each and every allegation in the paragraph.

47.     Defendants admit that meet and confers with counsel occurred regarding Plaintiffs' allegations, all of which Defendants deny.   Except as expressly admitted, Defendants deny the remaining allegations in the paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                          -5-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

48.     Defendants deny each and every allegation in the paragraph.

49.     Defendants admits that during conversations between counsel for Plaintiffs' and counsel for Monastery Camp, counsel for Monastery Camp informed Plaintiffs' counsel that Plaintiffs were not Monastery Camp's employees.  Except as expressly admitted, Defendant denies the remaining allegations in the paragraph.

50.     Defendants allege that Paragraph 50 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

51.     Defendants allege that Paragraph 51 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

52.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding other defendants set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dewey, Defendant Dawson, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

53.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding other defendants set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dewey, Defendant Dawson, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

54.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding other defendants set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dewey, Defendant Dawson, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

55.     Defendants deny each and every allegation in the paragraph

56.     Defendants admit that Monastery Camp sought out the services of a professional employer organization or someone similarly situated.  Except as expressly admitted, Defendants deny the remaining allegations in the paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                                    -6-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

57.     Defendants admit that Defendant Dawson sought out the services of a professional employer organization or someone similarly situated.  Except as expressly admitted, Defendants deny the remaining allegations in the paragraph.

58.     Defendants admit that beginning in 2019, Defendant Pomella LLC began overseeing Defendant's payroll for the valets providing services at Monastery Camp.

59.     Defendants deny each and every allegation in the paragraph.

60.     Defendants admit that no camp functions were conducted during 2020 due to the COVID-19 pandemic.  Except as expressly admitted, Defendants deny the remaining allegations in the paragraph.

61.     Defendants deny each and every allegation in the paragraph.

62.     Defendants deny each and every allegation in the paragraph.

63.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

64.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.  Defendants deny the remaining allegations in the paragraph.

65.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.  Defendants deny the remaining allegations in the paragraph.

66.     Defendants deny each and every allegation in the paragraph.

67.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                                    -7-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

68.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

69.     Defendants deny each and every allegation in the paragraph.

70.     Defendants deny each and every allegation in the paragraph.

71.     Defendants deny each and every allegation in the paragraph.

72.     Defendants deny each and every allegation in the paragraph.

73.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding wages owed by Pomella LLC set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dawson, Defendant Dewey, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

74.     Defendants deny each and every allegation in the paragraph.

75.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding meal periods and premium wages owed by Pomella LLC as set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dawson, Defendant Dewey, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

76.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding wage statements provided by Pomella LLC as set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dawson, Defendant Dewey, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

77.     Defendants deny each and every allegation in the paragraph.

78.     Defendants deny each and every allegation in the paragraph.

79.     Defendants deny each and every allegation in the paragraph.

80.     Defendants allege that Paragraph 80 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4894-9399-8273                                    -8-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

81.     Defendants deny each and every allegation in the paragraph.

82.      Defendants deny each and every allegation in the paragraph.

83.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

84.     This paragraph is a characterization of a document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refers the Court to the document for a full and accurate statement of its contents.

## FIRST CAUSE OF ACTION

85.     Defendants incorporate their responses to paragraphs 1 through 84 as if fully set forth herein.

86.     Defendants allege that Paragraph 86 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

87.     Defendants deny each and every allegation in the paragraph.

88.     Defendants deny each and every allegation in the paragraph.

89.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding Plaintiffs' timecards and pay stubs set forth in this paragraph, and on that basis deny each such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendant Dawson, Defendant Dewey, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

90.      Defendants deny each and every allegation in the paragraph.

91.     Defendants deny each and every allegation in the paragraph.

92.     Defendants deny each and every allegation in the paragraph.

93.     Defendants deny each and every allegation in the paragraph.

94.     Defendants deny each and every allegation in the paragraph.

95.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding timesheets set forth in this paragraph, and on that basis deny each such

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                                -9-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

allegation therein.   To the extent the allegations relate to Monastery Camp, Defendant Dawson, Defendant Dewey, and/or Michael LaHorgue, Defendants deny each and every allegation in the paragraph.

96.   Defendants deny each and every allegation in the paragraph.

97.   Defendants allege that Paragraph 97 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

98.   Defendants allege that Paragraph 98 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

99.   Defendants deny each and every allegation in the paragraph.

100.   Defendants allege that Paragraph 100 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

101.   Defendant alleges that Paragraph 101 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

## SECOND CAUSE OF ACTION

102.   Defendants incorporate their responses to paragraphs 1 through 101 as if fully set forth herein.

103.   Defendants deny each and every allegation in the paragraph.

104.   Defendants deny each and every allegation in the paragraph.

105.   Defendants deny each and every allegation in the paragraph.

106.   Defendants deny each and every allegation in the paragraph.

107.   Defendants deny each and every allegation in the paragraph.

108.   Defendants deny each and every allegation in the paragraph.

109.   Defendants deny each and every allegation in the paragraph.

110.   Defendants deny each and every allegation in the paragraph.

111.   Defendants deny each and every allegation in the paragraph.

112.   Defendants deny each and every allegation in the paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                                            -10-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

113.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding timesheets set forth in this paragraph, and on that basis deny each and every allegation in the paragraph.

114.    Defendants deny each and every allegation in the paragraph.

115.    Defendants deny each and every allegation in the paragraph.

116.    Defendants deny each and every allegation in the paragraph.

117.    Defendants deny each and every allegation in the paragraph.

118.    Defendants deny each and every allegation in the paragraph.

119.    Defendants allege that Paragraph 119 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in the paragraph.

### THIRD CAUSE OF ACTION

120.    Defendants incorporate their responses to paragraphs 1 through 119 as if fully set forth herein.

121.    Defendants allege that Paragraph 121 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

122.    Defendant alleges that Paragraph 122 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

123.    Defendants allege that Paragraph 123 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

124.    Defendants deny each and every allegation in the paragraph.

125.    Defendants deny each and every allegation in the paragraph.

126.    Defendants deny each and every allegation in the paragraph.

127.    Defendants deny each and every allegation in the paragraph.

128.    Defendants deny each and every allegation in the paragraph.

129.    Defendants deny each and every allegation in the paragraph.

130.    Defendants deny each and every allegation in the paragraph.

131.    Defendants deny each and every allegation in the paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                                    -11-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1    132.    Defendants deny each and every allegation in the paragraph.

2    133.    Defendants deny each and every allegation in the paragraph.

3    134.    Defendants deny each and every allegation in the paragraph.

4    135.    Defendants deny each and every allegation in the paragraph.

5    136.    Defendants allege that Paragraph 136 contains legal arguments, to which no response

6    is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

7                            **FOURTH CAUSE OF ACTION**

8    137.    Defendants incorporate their responses to paragraphs 1 through 136 as if fully set

9    forth herein.

10    138.    Defendants allege that Paragraph 138 contains legal arguments, to which no response

11    is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

12    139.    Defendants deny each and every allegation in the paragraph.

13    140.    Defendants deny each and every allegation in the paragraph.

14    141.    Defendants deny each and every allegation in the paragraph.

15    142.    Defendants deny each and every allegation in the paragraph.

16    143.    Defendants deny each and every allegation in the paragraph.

17    144.    Defendants allege that Paragraph 144 contains legal arguments, to which no response

18    is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

19    145.    Defendants deny each and every allegation in the paragraph.

20    146.    Defendants lack sufficient knowledge and information to form a belief as to the truth

21    of the allegations regarding other Defendants set forth in this paragraph, and on that basis deny each

22    such allegation therein.  To the extent the allegations relate to Monastery Camp, Defendants deny

23    each and every allegation in the paragraph.

24    147.    Defendants deny each and every allegation in the paragraph.

25    148.    Defendants deny each and every allegation in the paragraph.

26    149.    Defendants incorporate their responses to paragraphs 1 through 148 as if fully set

27    forth herein.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                    -12-                    Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1

## **FIFTH CAUSE OF ACTION**

2      150.    Defendants lack sufficient knowledge and information to form a belief as to the truth

3   of the allegations regarding Plaintiffs employment set forth in this paragraph, and on that basis deny

4   each such allegation therein.  To the extent the allegations relate to Defendants, Defendants deny

5   each and every allegation in the paragraph.

6      151.    Defendants deny each and every allegation in the paragraph.

7      152.    Defendants deny each and every allegation in the paragraph.

8      153.    Defendants allege that Paragraph 153 contains legal arguments, to which no response

9   is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

10

## **SIXTH CAUSE OF ACTION**

11      154.    Defendants incorporate their responses to paragraphs 1 through 153 as if fully set

12   forth herein.

13      155.    Defendants allege that Paragraph 155 contains legal arguments, to which no response

14   is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

15      156.    Defendants allege that Paragraph 156 contains legal arguments, to which no response

16   is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

17      157.    Defendants lack sufficient knowledge and information to form a belief as to the truth

18   of the allegations regarding times reported on timesheets set forth in this paragraph, and on that

19   basis deny each such allegation therein.

20      158.    Defendants deny each and every allegation in the paragraph.

21      159.    Defendants deny each and every allegation in the paragraph.

22      160.    Defendants deny each and every allegation in the paragraph.

23      161.    Defendants deny each and every allegation in the paragraph.

24      162.    Defendants lack sufficient knowledge and information to form a belief as to the truth

25   of the allegations regarding wage statements issued by Pomella LLC as set forth in this paragraph,

26   and on that basis deny each such allegation therein.

27      163.    Defendants deny each and every allegation in the paragraph.

28      164.    Defendants deny each and every allegation in the paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273

-13-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

165.     Defendants allege that Paragraph 165 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

166.     Defendants deny each and every allegation in the paragraph.

167.     Defendants deny each and every allegation in the paragraph.

168.     Defendants deny each and every allegation in the paragraph.

169.     Defendants deny each and every allegation in the paragraph.

**SEVENTH CAUSE OF ACTION**

170.     Defendants incorporate their responses to paragraphs 1 through 169 as if fully set forth herein.

171.     Defendants deny each and every allegation in the paragraph.

172.     Defendants deny each and every allegation in the paragraph.

173.     Defendants deny each and every allegation in the paragraph.

174.     Defendants allege that Paragraph 174 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

175.     Defendants deny each and every allegation in the paragraph.

176.     Defendants deny each and every allegation in the paragraph.

177.     Defendants deny each and every allegation in the paragraph.

**EIGHTH CAUSE OF ACTION**

178.     Defendants incorporate their responses to paragraphs 1 through 177 as if fully set forth herein.

179.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding when Plaintiffs filed and served a PAGA complaint as set forth in this paragraph, and on that basis deny each and every allegation in paragraph 179.

180.     Defendants allege that Paragraph 180 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

181.     Defendants deny each and every allegation in the paragraph.

182.     Defendants deny each and every allegation in the paragraph.

183.     Defendants deny each and every allegation in the paragraph.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273

-14-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

184.    Defendants allege that Paragraph 184 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

185.    Defendants allege that Paragraph 185 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

186.    Defendants allege that Paragraph 186 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

187.    Defendants incorporate their responses to paragraphs 1 through 186 as if fully set forth herein. Defendants allege that Paragraph 187 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

188.    Defendants allege that Paragraph 188 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

189.    Defendants allege that Paragraph 189 contains legal arguments, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the paragraph.

### PRAYER FOR RELIEF

The remainder of the Second Amended Complaint sets forth Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Defendants requests that the Court deny Plaintiffs' prayer for relief in its entirety.

### AFFIRMATIVE DEFENSES

Defendants assert the following separate and distinct affirmative defenses to Plaintiffs' Second Amended Complaint and each cause of action therein.  Defendants' assertions are without concession to any of the allegations in the Second Amended Complaint and are in no way relieve Plaintiffs of their burden to prove each element of the claims therein.  Defendants further reserve the right to assert additional defenses, amend, or supplement these defenses and any other allegation in this Answer to the extent that new, or previously undiscovered, information becomes available.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendants.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273

-15-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1

**SECOND AFFIRMATIVE DEFENSE**

2    Plaintiffs' claims are barred because Plaintiffs have failed to comply with statutory and/or

3    administrative prerequisites to bring this action.

4

**THIRD AFFIRMATIVE DEFENSE**

5    Plaintiffs' claims and those of each alleged aggrieved employee as set forth in the Second

6    Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations,

7    including but not limited to California Code of Civil Procedure sections 338 and 340 and Business

8    and Professions Code section 17208.

9

**FOURTH AFFIRMATIVE DEFENSE**

10    Plaintiffs' claims as set forth in the Second Amended Complaint are barred, in whole or in

11    part, because Plaintiffs and/or each alleged aggrieved employee as set forth in the Second

12    Amended Complaint has waived and/or released their claims.

13

**FIFTH AFFIRMATIVE DEFENSE**

14    Plaintiffs' claims and those of each putative member of each purported class as set forth in

15    the Second Amended Complaint are barred, in whole or in part, by the doctrine of estoppel.

16

**SIXTH AFFIRMATIVE DEFENSE**

17    Plaintiffs' claims and those of each alleged aggrieved employee as set forth in the Second

18    Amended Complaint are barred, in whole or in part, by the doctrine of laches.

19

**SEVENTH AFFIRMATIVE DEFENSE**

20    Plaintiffs' claims and those of each alleged aggrieved employee as set forth in the Second

21    Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands, as Plaintiff

22    Anthony Gregg has made admissions in the Second Amended Complaint regarding violation of,

23    among others, the California Labor Code by virtue of acting as an employer to one or more

24    purported alleged aggrieved employees during the applicable time period, upon which Defendants'

25    counterclaim is based.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                          -16-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of each alleged aggrieved employee  as set forth in the Second Amended Complaint are barred, in whole or in part, by the principles of accord and satisfaction and payment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of each alleged aggrieved employee  as set forth in the Second Amended Complaint are barred, in whole or in part, because the Second Amended Complaint is uncertain as the purported class definitions are ambiguous and conclusory.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of each putative member of each alleged aggrieved employee as set forth in the Second Amended Complaint are barred, because Plaintiffs and the alleged aggrieved employee they purport to represent have been paid all wages due and owed, including minimum wage and overtime, in accordance with law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under Business and Professions Code § 17200, *et seq.*, are barred, in whole or in part, because Plaintiffs and/or each alleged aggrieved employee are not entitled to equitable relief insofar as they have an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants allege that prosecution of a class action and certification of the purported class under Business and Professions Code § 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights in violation of the Fourteenth Amendment and the California Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they violate Defendants' rights under the United States and California Constitutions by attempting to enforce Business and Professions Code § 17200, *et seq.*, in a manner that renders the requirements of those statutes and provisions unconstitutionally vague.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273

-17-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2       Defendants allege that any claim for statutory penalties or liquidated damages because of

3 any nonpayment of wages alleged in the Second Amended Complaint fails because it was not

4 willful.  At all times, Defendants acted reasonably and in good faith with honest intentions, and it

5 had no actual or constructive notice of a potential violation of the Labor Code.

6

**FIFTEENTH AFFIRMATIVE DEFENSE**

7       Defendants allege that any claim for waiting time penalties under the Labor Code fails to

8 the extent Plaintiffs and alleged aggrieved employees have not resigned or been discharged prior

9 to the filing of the Second Amended Complaint.

10

**SIXTEENTH AFFIRMATIVE DEFENSE**

11       Plaintiffs' claims are barred, in whole or in part, from recovery of damages because it

12 would be unjust enrichment.

13

**SEVENTEENTH AFFIRMATIVE DEFENSE**

14       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or each alleged

15 aggrieved employee as set forth in the Second Amended Complaint consented to some or all of the

16 alleged unlawful acts.

17

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18       Plaintiffs' claims and those of each alleged aggrieved employee  as set forth in the Second

19 Amended Complaint for damages are barred, in whole or in part, by the avoidable consequences

20 doctrine.

21

**NINETEENTH AFFIRMATIVE DEFENSE**

22       Plaintiffs' claims and those of each alleged aggrieved employee as set forth in the Second

23 Amended Complaint are barred, in whole or in part, by the doctrine of equitable offset.

24

**TWENTIETH AFFIRMATIVE DEFENSE**

25       Plaintiffs' cause of action for failure to furnish itemized wage statements in accordance

26 with California Labor Code section 226 is barred because the wage statements provided Plaintiff

27 and other employees "with the essential information for verifying that they were being properly

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273

-18-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1 paid for all hours worked." *See Morgan v. United Retail Inc.* (2010) 186 Cal. App. 4th 1136,

2 1149.

3 ### TWENTY-FIRST AFFIRMATIVE DEFENSE

4 Plaintiffs' cause of action for alleged wage statement violations is barred because Plaintiffs

5 and the alleged aggrieved employees were not injured by the alleged conduct.

6 ### TWENTY-SECOND AFFIRMATIVE DEFENSE

7 If any alleged act or omission by Defendants is asserted to be a violation of any obligation

8 to pay minimum wage, liquidated damages should not be awarded because any such act or

9 omission was in good faith, and Defendants had reasonable grounds for believing that it was not

10 violating any law relating to minimum wage. *See* Cal. Lab. Code § 1194.2(b).

11 ### TWENTY-THIRD AFFIRMATIVE DEFENSE

12 This case cannot and should not proceed as a representative action because any

13 representative claim is unmanageable and cannot be fairly litigated on a representative group

14 basis.

15 ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

16 Defendants have not yet completed an investigation and/or completed discovery of all the

17 facts and circumstances of the subject matter of the Second Amended Complaint, and accordingly

18 reserves the right to amend, modify, revise or supplement this Answer, and to plead such further

19 defenses and take such further action as it may deem proper and necessary in its defense upon the

20 completion of said investigation and discovery.

21 ### PRAYER FOR RELIEF

22 WHEREFORE, Defendants prays for judgment as follows:

23 1.      That judgment be entered in favor of Defendants and against Plaintiffs and that the

24 Second Amended Complaint be dismissed with prejudice;

25 2.      That Defendants be awarded costs of suit;

26 3.      That Defendants be awarded its reasonable attorneys' fees as may be determined by

27 the Court; and

28 4.      That the Court award such other and further relief as it deems just and proper.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                          -19-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1  Dated:  June 6, 2024

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
GRANT P. ALEXANDER
MELISSA K. BELL
Attorneys for Defendants MONASTERY
CAMP, WILLIAM DAWSON, RICHARD
DEWEY AND MICHAEL LAHORGUE

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                -20-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

**COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 13, subdivision (a)(1)(A), Defendants and Counterclaimants Monastery Camp, William Dawson, Richard Dewey, and Michael LaHorgue (collectively "Defendants"), by the undersigned attorneys, assert the following counterclaims against Plaintiff and Counter-Defendant Anthony Gregg ("Plaintiff Gregg"): declaratory relief, intentional interference with contract and negligence.

**JURISDICTION AND VENUE**

1.      These Counterclaims arise out of the same transaction and occurrence as the claims alleged in Plaintiffs' Second Amended Complaint.

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206(a)(1).

3.      Venue is proper in this district because Monastery Camp events took place in the Northern District, in Sonoma County.

**GENERAL ALLEGATIONS**

4.      Defendants incorporate their admissions in the Answer to the Second Amended Complaint as alleged herein.

5.      Defendants allege that Plaintiff and Counter-Defendant Gregg and Plaintiffs Granger and Wallid provided valet services at Monastery Camp at times between 2019 and 2022 for which they were employed by Pomella LLC.  Defendants allege that Plaintiffs completed timesheets reflecting time worked and submitted them to Pomella LLC. Plaintiffs were paid by Pomella LLC for all hours worked that were reflected on their timesheets.

6.      Defendants allege, on information and belief, that during his employment Plaintiff Gregg was aware of the contractual agreements between Pomella LLC, the Bohemian Club and/or Monastery Camp, and conspired to control terms and conditions of employment of valets to interfere with that contract and violate the FLSA and California Labor Code.  Specifically, Defendants allege, on information and belief, that Plaintiff and Counter-Defendant Gregg instructed valets, including Plaintiffs Shawn Granger and Wallid Saad, to misrepresent the time worked on their timesheets that were turned in to Pomella LLC, in order to artificially inflate the amount of hours worked.  Plaintiff

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273                                                    -21-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1 and Counter-Defendant Gregg did so without regard to federal and state law, as well as protocols

2 and policies which he knew required the accurate reporting of time to Pomella LLC.

3      7.     Defendants allege, on information and belief, that Plaintiff and Counter-Defendant

4 Gregg also misrepresented the time that he worked when he turned in his own timesheets in to

5 Pomella LLC.  In engaging in these acts, and to the extent liability attaches for any of the allegations

6 put forth by Plaintiffs as against Defendants, Plaintiff and Counter-Defendant Gregg not only

7 violated the FLSA and the California Labor Code, he also contributed to the purported damages

8 suffered here.

9 **FIRST COUNTERCLAIM**

10 **(Declaratory Relief)**

11      8.     Defendants incorporate by reference the allegations in the paragraphs above as

12 though set forth in full.

13      9.     An actual controversy exists between Plaintiff Gregg and Defendants concerning the

14 amount of any damages and penalties for any violation of the federal Fair Labor Standards Act

15 and/or the California Labor Code with respect to the valets providing services at the Monastery

16 Camp, and warranting a declaration from the Court regarding Defendants' rights in this litigation.

17      10.     Plaintiffs contend that Monastery Camp was Plaintiffs' employer and is liable for

18 unpaid wages and penalties.

19      11.     Defendant Monastery Camp contends that it was not Plaintiffs' employer and is not

20 liable for unpaid wages and/or penalties.  However, if the court is inclined to find Defendants liable

21 for any unpaid wages and/or penalties under the FLSA and/or California Labor Code, Defendants

22 contend that Plaintiff Gregg is jointly and severally liable, as Plaintiff and Counter-Defendant Gregg

23 also acted as the employer of Plaintiffs Granger and Saad, as well as himself, during the relevant

24 time period.  In acting as the employer, Plaintiff and Counter-Defendant Gregg was responsible for

25 and did in fact compensate Plaintiffs Granger and Saad for their work and later submitted timecards

26 on behalf of Plaintiffs Granger and Saad to Pomella LLC.  Plaintiff and Counter-Defendant Gregg

27 is therefore jointly and severally liable, as an employer, for the acts he and Plaintiffs Granger and

28 Saad now allege against Defendants.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4894-9399-8273             -22-               Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

12.     Defendants therefore request that this Court declare that to the extent Defendants are liable for any unpaid wages and/or penalties, Plaintiff Gregg is jointly and severally liable for any amount of unpaid wages and/or penalties.

## SECOND COUNTERCLAIM

### (Intentional Interference with Contract)

13.     Defendants incorporate by reference the allegations in paragraphs 1-12 above as though set forth in full.

14.     Defendants allege that a written contract existed between Pomella LLC and Monastery Camp regarding the recording and submission of timecards for valets provided by Pomella LLC to Monastery Camp.  That written agreement included terms by which the parties were to adhere, including accurate reporting of hours worked.

15.     Plaintiff and Counter-Defendant Gregg was aware of the contract and its terms, as he himself was an employer and managed the work and timecard entry of, among others Plaintiffs Granger and Saad.

16.     Plaintiff Gregg knowingly interfered with the contract between Pomella LLC and Monastery Camp and caused damage to Defendants by causing himself and instructing Plaintiffs Granger and Saad, among other valets, to knowingly misrepresent the time worked on their timesheets that were submitted to Pomella LLC for payroll processing, with fully knowledge that this would constitute a breach of the written contract and would cause the contract to be breached and terminated.

17.     Plaintiff's conducted caused harm and ensuing damages to Defendants, in an amount to be proven at trial.

## THIRD COUNTERCLAIM

### (Negligence)

18.     Defendants incorporate by reference the allegations in the paragraphs above as though set forth in full.

19.     Defendants allege that to the extent Defendants are liable for any unpaid wages and/or penalties, Plaintiff Gregg was the proximate cause of damages to Defendants.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                                               -23-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

20.     As an employer and manager of other valets, Plaintiff and Counter-Defendant Gregg had a duty to ensure the accurate and timely reporting of hours worked by valets at Monastery Camp, and to submit accurate timecards regarding that time worked to Pomella LLC.

21.     Plaintiff and Counter-Defendant Gregg breached that duty by causing himself and other valets to misrepresent the time worked on their timesheets that were submitted to Pomella LLC for payroll processing.

22.     Plaintiff's negligence in causing Pomella LLC to underpay wages was a substantial factor in causing Defendants' harm.

23.     Through Plaintiff's conduct Defendants were damaged, in an amount to be proven at trial.

## PRAYER FOR RELIEF

Defendants respectfully request that the Court enter judgment as follows:

1.     On Defendants' First Counterclaim, a declaration that Plaintiff and Counter-Defendant Gregg is jointly and severally liable for any amount of unpaid wages and/or penalties under the FLSA and/or California Labor Code.

2.     On Defendants' Second Counterclaim, awarding damages in favor of Defendants in an amount to be determined at trial, but in no event less than half of the amount of the full amount of damages and penalties for unpaid wages.

3.     On Defendants' Third Counterclaim, awarding damages in favor of Defendants in an amount to be determined at trial, but in no event less than half of the amount of the full amount of damages and penalties for unpaid wages.

4.     Awarding Defendants their reasonable costs and fees, including attorneys' fees.

5.     Granting Defendants such other and further relief as the Court deems just and proper.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                                    -24-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM

1   Dated:  June 6, 2024

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

2

3

4   By:   _____

5   GRANT P. ALEXANDER
MELISSA K. BELL
Attorneys for Defendants MONASTERY
CAMP, WILLIAM DAWSON, RICHARD
DEWEY AND MICHAEL LAHORGUE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4894-9399-8273                    -25-

Case No.  3:23-CV-2760-AMO
ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT; COUNTERCLAIM