UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GREGG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MONASTERY CAMP, et al.,<br><br>    Defendants. | Case No. 23-cv-02760-AMO<br><br>**ORDER DENYING PROPOSED SETTLEMENT SUBJECT TO RESUBMISSION**<br><br>Re: Dkt. No. 90 |

Before the Court is a joint motion for approval of a settlement under California's Private Attorneys General Act ("PAGA"). *See* Cal. Lab. Code § 2699. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 26, 2025, is VACATED. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the parties' motion subject to resubmission for the reasons stated below.

I. **BACKGROUND**

This is a wage-and-hour collective action brought by former valets for one of the several "camps" at the Bohemian Club. The Court assumes familiarity with the facts and procedural history of the case for purposes of this order. The parties announce they have reached a settlement, which the Court briefly summarizes below.

- PAGA Settlement Group: All "Aggrieved Employees" of Defendants and each Released Party employed in California during the "PAGA Period."
  - "Aggrieved Employee" is defined as all non-exempt valets who worked for Defendants in California during the PAGA Period and includes Plaintiff Anthony Gregg, Plaintiff

Shawn Granger, and Plaintiff Wallid Saad, as well as non-plaintiffs Juan Jimenez, and Drew Curlett. (Nunes Decl. ¶ 2, Exh. A ¶ 1.2.)

- o The "PAGA Period" is defined as April 25, 2022, to November 20, 2024. (Nunes Decl. ¶ 2, Exh. A ¶ 1.16.)

- Defendants will pay a "Gross Settlement Amount" of $88,500 on a non-reversionary basis. This will include:
  - o Settlement payments of $9,500 to each of the three (3) named Plaintiffs;
  - o Incentive awards of $10,000 for each of the three (3) named Plaintiffs;
  - o PAGA Settlement of $10,000, including $7,500 to the California Labor and Workforce Development Agency ("LWDA") and $2,500 to the PAGA Settlement Group;
  - o Attorney's fees of $20,000 to Plaintiffs' counsel.

## II.  DISCUSSION

"An employee bringing a PAGA action does so as the proxy or agent of the state's labor law enforcement agencies, . . . who are the real parties in interest." *Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425, 435 (9th Cir. 2015) (internal citations omitted).  Because the settlement of PAGA claims compromises a claim that could otherwise be brought by the state, the PAGA requires that "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]."  Cal. Lab. Code § 2699(l)(2); *see also Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019).  But " 'neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer' as to what the appropriate standard is for approval of a PAGA settlement." *Jordan v. NCI Grp., Inc.*, No. EDCV161701JVSSPX, 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5, 2018) (quoting *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1075 (C.D. Cal. 2017)).  In assessing PAGA settlements, a number of district courts have applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." *Haralson*, 383 F. Supp. 3d at 972 (quoting *Jordan*, 2018 WL 1409590, at *2 (collecting cases)); *see also Ramirez v. Benito Valley Farms,*

1   *LLC*, No. 16-CV-04708-LHK, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017); *O'Connor v.*

2   *Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016).

3         Here, several elements of the parties' settlement require further explanation before the

4   Court will approve a PAGA settlement.

5         First, Labor Code section 2699(l)(2) provides that "[t]he proposed settlement shall be

6   submitted to the [LWDA] at the same time that it is submitted to the court." Counsel's declaration

7   in support of the motion does not specify whether the proposed settlement was submitted to the

8   LWDA. *See* Nunes Decl. (ECF 90-1). Any renewed motion for approval shall include a

9   certification that the settlement was submitted to LWDA, and it must recount whether the LWDA

10  responded to the submission.

11        Second, the Settlement allocates $10,000 to the PAGA claims. The parties' motion for

12  approval does not include any estimate regarding the total value of Plaintiffs' claims, leaving the

13  Court without a reference point against which to compare the PAGA settlement amount. *Cf.*

14  *Jennings v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2018 WL 4773057, at *9 (N.D. Cal.

15  Oct. 3, 2018) ("In this district, courts have raised concerns about settlements of less than 1% of the

16  total value of a PAGA claim."). Any renewed motion for approval shall include an approximation

17  of Plaintiffs' potential recovery had they prevailed on all their claims.

18        Third, the Settlement allocates a $10,000 incentive award to each of the three named

19  Plaintiffs. The parties' motion for approval vaguely cites the matter of *Bell v. Farmers Ins.*

20  *Exchange*, 115 Cal. App. 4th 715, 726 (2004), for the premise that courts regularly approve

21  service payments to named plaintiffs for their efforts in bringing the litigation. *See* Mot. at 9. The

22  *Bell* case, however, did not include PAGA claims, leaving the parties' application for incentive

23  awards in the PAGA context unsupported. Any renewed motion for approval shall include

24  citations to cases in which courts awarded settlement incentive awards to PAGA representatives

25  and shall make plain how Plaintiffs compare to those in the cited cases.

26        Fourth, including the proposed incentive awards, the Settlement allocates approximately

27  $20,000 to each of the named Plaintiffs yet leaves approximately $500 each to the two non-

28  plaintiff members of the PAGA class. The parties' joint motion does not identify any cases in

United States District Court
Northern District of California

which courts approved as fair and reasonable settlements with such substantial discrepancies between plaintiffs and class members.

Fifth, Plaintiffs' counsel requests an award of attorney's fees of $20,000 from the Gross Settlement Amount. Neither the motion nor counsel's declaration makes any effort to support the award of $20,000 as appropriate in this case. The papers present no effort to calculate a lodestar, and they fail to identify any cases in which other courts approved such unsupported attorney's fee awards. Any renewed motion shall provide sufficient information from which the Court can calculate an appropriate lodestar.

Finally, the Settlement includes a "clear sailing" provision. *See* Settlement § 3.2.1 (providing for distribution of "A PAGA Counsel Fees Payment of $20,000.00. Defendants will not oppose requests for Court approval of this payment."). Courts in the Ninth Circuit view clear sailing fee provisions suspiciously as they suggest unfairness or collusion between counsel. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011). Though the parties' joint motion advances that the Settlement is the product of non-collusive negotiations, *see* Mot. at 6, the clear sailing provision severely undermines this contention. Any renewed motion shall more fully explain how the parties maintained fair negotiations that were "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." *Haralson*, 383 F. Supp. 3d at 972.

In sum, the parties' motion for PAGA approval fails to establish that the Settlement of the PAGA claims is fundamentally fair, adequate, and reasonable.

## III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the parties' joint motion for approval of the PAGA settlement. If they can remedy the deficiencies outlined above, the parties may file a renewed motion within 30 days of this order. Though not required, the Court encourages the parties to prepare any renewed motion in accordance with the District's Procedural Guidance for Class Action Settlements. Moreover, the renewed motion must provide more fulsome discussion of the warning signs that courts must look for before concluding that a settlement is non-collusive as identified by the Ninth Circuit in the matter of *In re Bluetooth*, 654 F.3d at 938.

1  Should the parties elect to not file a renewed approval motion within 30 days, the parties
2  must file a joint status report within 45 days, with a proposal for how this litigation should
3  proceed.
4  **IT IS SO ORDERED.**
5  Dated: June 18, 2025

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**